[Filed June 10, 1885.]

## J. A. W. SCOGGIN *v.* MAHLON HALL.

INTIMIDATION OF WITNESSES—REMEDY—APPEAL.—The intimidation of a party's
witnesses, by the occurrence of a casual broil in a Justice's Court during the
trial, does not justify him in withdrawing from the trial and afterward com-
mencing a suit to impeach the judgment in such action. He has an adequate
remedy by appeal to the Circuit Court.

WASCO COUNTY.    Plaintiff appeals.    Affirmed.

The facts are stated in the opinion.

. *Hill & Mays,* for Appellant.

*Watkins & Bird,* for Respondent.

THAYER, J.—This appeal is from the Circuit Court for the
county of Wasco.   The respondent commenced an action in a
Justice's Court in that county against the appellant to recover a
colt, which was about eight months old, and damages for its
detention.   The colt was alleged to be of the value of thirty-
five dollars.   The parties met before the justice and engaged in
the trial of the case.   It seems that a row occurred between
some of the witnesses, which interrupted the proceedings of the
trial.   The justice, in order to get matters quiet, adjourned the
trial over to the following morning, at which time the appellant
appeared, and claimed that the disturbance the day before had
intimidated his witnesses, and that he was unable to secure their
attendance, and he took no further part in the proceedings, and
the respondent obtained a verdict of the jury, upon which the
justice entered judgment.   The judgment is rather informal,
but not void.   After the rendition of the judgment, the defend-
ant made an ineffectual effort to appeal therefrom to the Circuit
Court for the county of Wasco, and having failed in that, com-
menced a suit in said Circuit Court to have the enforcement of
said judgment enjoined.   The grounds of this suit were, that the
justice's judgment was void; that he had not been able, on
account of the riotous conduct of the respondent and others, to
make his defense in the said Justice's Court; and that he lost

his remedy by appeal in consequence of the mistake of the constable in not serving the notice of appeal. The pleadings in said suit were made up, and depositions were taken on both sides, which, with other proofs, were submitted to said Circuit Court. Upon hearing the case, said court found that the allegations of the complaint were not sustained, and thereupon dismissed it. From that decision this appeal is taken.

The question before the court is mainly one of fact. I have examined the testimony with some care, but have not been able to discover that the difficulty which occurred at the Justice's Court trial was of a very serious character. It seems to have been more of a temporary character than otherwise, occasioned by some of the witnesses who were outside of the court-room getting into a broil. The parties who were in the court-room became interested to know about the affair, and several of them went out, and the respondent took off his coat. How long the difficulty continued does not appear. It was not a respectable occurrence, but not necessarily indicative of a perverse sentiment in the community in which it took place, nor was it *sui generis*. Scenes of a similar character about Justices' Courts have frequently happened, and have been known to occur even in Circuit Courts, and failed to intimidate a party. Such occurrences will not justify a withdrawal from a trial and the commencement of a suit in equity to impeach the proceeding at law, unless attended with such a degree of violence as to obstruct public justice, and the adverse party takes a fraudulent advantage of the situation. When order cannot be maintained in courts of law, it will not long survive in courts of equity. And when it cannot be upheld in the inferior tribunals, they should be abolished. If the grounds upon which jurisdiction in equity is claimed in this case were conceded, it would be to my mind a humiliating admission. I should be loth to acknowledge that a regular trial of the right of possession of an eight-months old colt, of the value of thirty-five dollars, could not be had before any justice of the peace in any precinct in this State. I may be too incredulous in that particular, but, if I am mistaken as to the fact, the attention of the grand jury should be directed to

.such precinct at once. At least, some other remedy should be applied than taking such a character of litigation into the bosom of chancery.

But it is idle to consider the question involved. There is no feature of it to which equity jurisdiction will attach. The apellant had a plain, speedy, and adequate remedy at law, and it was not exhausted when intimidation overtook his witnesses. An appeal to the Circuit Court, where he could have had a regular trial by jury, was open to him. All that was necessary was to serve a proper notice of appeal, give the requisite undertaking, and file a transcript of the proceedings of the Justice's Court with the clerk of the appellate court. The constable's mistake in not serving the notice of appeal was no excuse; the law does not compel a party in such a case to employ a constable, and he would have no business to employ an inefficient, careless one, under any circumstances. The failure has the appearance of having resulted from negligence, viewed from any point. The case has been dragged into the Circuit Court, and has cost more, I imagine, than the colt will ever be worth.

The judgment appealed from should be affirmed.